Argued and submitted December 11, 1985, affirmed February 26, 1986

# ZAMSKY,
## *Petitioner,*

*v.*

# LAND CONSERVATION AND DEVELOPMENT COMMISSION,
## *Respondent.*

## (LCDC 84-ACK-135; CA A33504)

714 P2d 634

Steven A. Zamsky, P.C., Klamath Falls, argued the cause and filed the brief for petitioner.

Michael A. Holstun, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

John R. Miller, Salem, filed a brief *amicus curiae* for Oregon Farm Bureau Federation.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

■■ Petitioner seeks review of LCDC's limited acknowledgement order dated August 6, 1984. This order determined that Klamath County's comprehensive plan and land use regulations, insofar as they applied to identified geographic areas in the county, complied with the goals adopted by LCDC pursuant to ORS 197.240. Petitioner's property was *not* within the geographic areas found to comply with the goals. Petitioner's property was included in a contemporaneous continuance order, which LCDC also issued on August 6, 1984. The continuance order determined that Klamath County's plan and implementing measures concerning certain geographic areas, including petitioner's property, did not comply with the goals. The continuance order remanded the matter to the county for further planning work to bring that portion of the comprehensive plan into compliance with Goals 11 and 14. LCDC argues that we should dismiss this appeal for lack of jurisdiction or affirm on the merits, asserting that petitioner has appealed from the wrong order.[1]

ORS 197.251(10) provides:

"A limited acknowledgement order shall be considered an acknowledgement for all purposes and shall be a final order for purposes of judicial review *with respect to the acknowledged geographic area.* A limited order may be adopted in conjunction with a continuance or denial order." (Emphasis supplied.)

A continuance order is a final order for purposes of judicial review only with respect to the part of the plan and regulations that is found to comply with the goals. ORS 197.251(13)(a)(C). Under these sections, neither the continuance order nor the limited acknowledgement order is a final order with respect to petitioner's property.

---

[1] Petitioner is entitled to appeal from the limited acknowledgement order, because he appeared in the proceedings below. ORS 197.650(1) provides in part:

"A commission order may be appealed to the Court of Appeals in the manner provided in ORS 183.482 by the following persons:

"(a) A person who submitted comments or objections pursuant to ORS 197.251(2) and is appealing a commission order issued under ORS 197.251 * * *."

However, petitioner may obtain review only of the part of the order that the applicable statutes make reviewable.

Affirmed.