Argued and submitted January 6, review dismissed March 12, reconsideration denied April 25, petition for review denied May 20, 1986 (301 Or 165)

PRODUCTS MANAGEMENT CORPORATION et al,
*Petitioners,*

*v.*

LAND CONSERVATION AND
DEVELOPMENT COMMISSION
·  *Respondent.*

NORTHWEST ENVIRONMENTAL DEFENSE CENTER,
*Intervenor-Respondent.*

(85-CONT-003; CA A34988)

715 P2d 1125

John C. Caldwell, Oregon City, argued the cause for petitioners. With him on the brief was Hibbard, Caldwell, Bowerman, Schultz & Hergert, P.C., Oregon City.

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Douglas E. Jensen, Portland, argued the cause and filed the brief for intervenor-respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Petitioners own property in Seaside known as Trails End. They seek review of a continuance order issued by LCDC in a proceeding for acknowledgment of the comprehensive plan and land use regulations of the City of Seaside. In its continuance order LCDC found that the plan and regulations complied with the statewide planning goals except for the parts which pertain to the Trails End area. LCDC concluded that additional planning work was required to bring those parts into compliance with Goals 2 and 17 and continued the proceeding for seven weeks to allow the city to complete the additional planning.

Petitioners seek review of the part of the continuance order which determined that the parts of the plan and regulations relating to Trails End do not comply with the goals. The state contends that we should dismiss the petition or affirm the order on the ground that this part of the order is not reviewable.

ORS 197.251(13)(a)(C) provides that a continuance order

> "[i]s *a final order for purposes of judicial review* of the comprehensive plan, land use regulations or both the comprehensive plan and land use regulations *as to the part of the plan, regulations or both* the plan and regulations *that are in compliance with the goals.*" (Emphasis supplied.)

The continuance order is not a final order with respect to their property, because LCDC found that the parts of the plan and regulations which pertain to Trails End do not comply with the goals. Petitioners do not assert any problems with respect to the part of the order which is reviewable. *See Zamsky v. LCDC,* 78 Or App 114, 714 P2d 634 (1986).

Review dismissed.